UNITED STATES DISTRICT COURT
**District of Minnesota**
DIVISION at 300 S. Fourth Street #202 Courthouse Minneapolis, MN 55415

RECEIVED
15 JUN 25 PM 1: 53
CLERK U.S. DIST COURT
MINNEAPOLIS, MN

Angel P. Doss
3417 Warner Avenue
Louisville, KY 40207
(224) 200-7525
Plaintiff in Pro Se

ANGEL PASTOR DOSS
                    Plaintiff,

                    Case No. 15cv2804 ADM/TNL

v.

Defendant Number One
CANTERBURY PARK RACETRACK AND CARD CASINO
1100 Canterbury Road
Shakopee, MN 55379

Defendant Number Two
JODIE MIKASEN
610 OPPERMAN DRIVE
EAGAN, MN 55123-1340

Defendant Number Three
WAYNE FOSTER
610 OPPERMAN DRIVE
EAGAN, MN 55123-1340

                    Defendants.

**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, CIVIL RIGHTS VIOLATIONS 1st 2nd 4th 6TH, 9TH and 14TH AMENDENTS, FALSE IMPRISONMENT, NEGLIGENCE, INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL HARM, NEGLIGENT INFLICTION OF EMOTIONAL HARM AND BREACH OF ORAL PROMISE –FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff, Pro Se, brings this action and states as follows:

SCANNED
JUN 25 2015
U.S. DISTRICT COURT MPLS

## THE PARTIES

1. Mr. Angel P. Doss, Pro Se, (an "Individual" or "Plaintiff") is a dual citizen of the United States and Panama, Republic of Panama. This is a civil action for $24 million ($18 million from Canterbury Park Racetrack and Card Casino(CPRCC), $3 million from Wayne Foster (Wayne) and $3 million from Jodie Foster (Jodie) as compensatory and punitive damages, as well as, for statutory assessments, penalties, costs and other remedies for losses incurred by Plaintiff as a result of Civil Rights Violations, Due Process of the Law, Substantive Due Process, Procedural Due Process, 1ST, 2ND, 4TH, 6th, 9th and 14th Amendment Section 1.

2. Mr. Doss worked as a jockey agent where he won over 3,000 horse races. Mr. Doss was trained in by jockey, Pat Day's agent. The Plaintiff also won the current Keeneland's leading trainer, Kenneth Mc Peek's, first race. The Plaintiff's father also won Lafitt Pincay, Jr.'s first race. This is a testament to the Plaintiff's experience as a jockey agent in the thoroughbred industry. The Plaintiff has over 18 plus years of education with an Associate's degree in Electrical Design for Construction and a Bachelor of Arts degree in Liberal Arts. Mr. Doss has worked as a Court, medical and SNAP Program interpreter in Minnesota for over a period of 20 years.

3. Defendant Number One is Canterbury Park Racetrack and Card Casino("CPRCC" or "Defendant Number One") office that maintains its principal place of business in Shakopee, Minnesota, where it has its headquarters, and where it engages in a Racetrack and Card Casino wagering.

4. Defendant Number Two is Jodie Mikasen ("Jodie" or "Defendant Number Two") is a private citizen, that maintains its principal place of work and home in Eagan, Minnesota.

5. Defendant Number Three is Wayne Foster ( "Wayne" or "Defendant Number Three")is a private citizen, that maintains its principal place of home and work.

## JURISDICTION AND VENUE

6. The United State District Court, U.S. Courthouse Minneapolis Building, located at , 300 South Fourth Street 202 courthouse Minneapolis, MN 55415, has jurisdiction over this matter pursuant to L.R. 8(a) F.R.Cv.P.

7. Personal jurisdiction is proper under L.R. 8(a) F.R.Cv.P. and the common law because Defendant One ("CPRCC"), Defendant Two ("Jodie") and Defendant Three ("Wayne") are headquartered in Minnesota.

8. Venue is proper in the United State District Court, Eastern District of Minnesota pursuant to L.R. 8(a) F.R.Cv.P.

## FACTS REGARDING ARREST FOR JANUARY 22, 2014, PROBATION VIOLATION AND SPEEDING TICKET FROM 1997

### General Background

AS A DIRECT AND PROXIMATE RESULT OF THE UNLAWFUL ARREST AND DETENTION OF PLAINTIFF'S PERSONAL LIBERTY AND FREEDOM, PLAINTIFF HAS SUFFERED LOSSES IN SALESFROM JOCKEY AGENT KNOWN AS( ANGEL DOSS-OLARTE) WHICH BUSINESS WAS FORCED TO CLOSE WHILE PLAINTIFF'S DAMAGE IN THE SUM OF 6 MILLION DOLLARS

AS A FURTHER DIRECT AND PROXIMATE RESULT OF DEFENDANT'S (CPRCC) CONDUCT, PLAINTIFF INCURRED FURTHER LOSSES OF SALES FROM SUCH BUSINESS AAS THE RESULT OF DAMAGE TO PLAINTIFF'S REPUTATION AND GOOD NAME, TO PLAINTIFF'S FURTHER DAMAGE IN THE SUM OF 2 MILLION DOLLARS

**AS A FURTHER DIRECT AND PROXIMATE RESULT OF DEFENDANT'S CONDUCT, PLAINTIFF MENTAL SUFFERING AND HUMILIATION TO PLAINTIFF'S FURTHER DAMAGE IN THE SUM OF 2 MILLION DOLLARS**

9. Arrested January 22, 2014, on Interstate 64 heading west toward Louisville, Kentucky, while attempting to pick-up girlfriend at her employment. Plaintiff was pulled over due to skidding from ice on the road.

10. Arraigned January 23, 2014, in Louisville, Kentucky, and formally charged with a 1997 probation violation and speeding ticket.

11. Bail was waived from Boone County Clerk on January 27, 2014

12. On January 29, 2014, Plaintiff was transferred from Louisville, Kentucky, to Fayette County Detention Center in Lexington, Kentucky.

13. Arraigned February 7, 2014, and released on his own recognizance

14. On March 14, 2014, Judge Clark and Attorney, Chris Tracy, (Public Defender's Office) could not figure out this case so Plaintiff was allowed to go to the Court Clerk's Office to review his file. Supervisor, Stephanie Ball, of the County Clerk's Office directed Plaintiff to copy record on file.

15. On April 8, 2014, Plaintiff received documentation from State Treasurer that their office could not locate proof that the surety was released. During this visit the Plaintiff was informed that he had funds due from the State Treasurer's office for overpayment.

16. . On June 28, 2014, at LFUCG Court the probation and revocation hearing charges against Plaintiff were dismissed

    **Plaintiff realleges and incorporates herein by reference each and every allegation set forth above**

COMPLAINT
Angel Pastor Doss, Pro Se,
Page 4 of 9

## FIRST CAUSE OF ACTION

## FALSE IMPRISONMENT

AS A DIRECT AND PROXIMATE RESULT OF THE UNLAWFUL ARREST AND DETENTION OF PLAINTIFF'S PERSONAL LIBERTY AND FREEDOM, PLAINTIFF HAS SUFFERED LOSSES IN SALES FROM JOCKEY AGENT KNOWN AS( ANGEL DOSS-OLARTE) WHICH BUSINESS WAS FORCED TO CLOSE WHILE PLAINTIFF'S DAMAGE IN THE SUM OF 6 MILLION DOLLARS

AS A FURTHER DIRECT AND PROXIMATE RESULT OF DEFENDANT'S (CPRCC) CONDUCT, PLAINTIFF INCURRED FURTHER LOSSES OF SALES FROM SUCH BUSINESS AAS THE RESULT OF DAMAGE TO PLAINTIFF'S REPUTATION AND GOOD NAME, TO PLAINTIFF'S FURTHER DAMAGE IN THE SUM OF 2 MILLION DOLLARS
AS A FURTHER DIRECT AND PROXIMATE RESULT OF DEFENDANT'S CONDUCT, PLAINTIFF MENTAL SUFFERING AND HUMILIATION TO PLAINTIFF'S FURTHER DAMAGE IN THE SUM OF 2 MILLION DOLLARS

17. June 1998 Plaintiff was fired as night maintenance supervisor at CCRCC for not punching out of time clock. Loretta Locken informed me that my supervisor sister had stolen my Minnesota Racing License. She was angry because we were dating.

18. Sometime later that month I was confined by a security guard at track that I was Fugitive Felon from Kentucky. I objected, told that it was not true, they did not even give me a chance to defend myself. I was ruled off Racetrack because I had a felony. At the time I had the leading Jockey at the track. CPRCC violated the Interstate Agreement on Detainers (IAD) and Interstate Compact for Adult Offenders Rules (ICAOS)

19.

20. The false affidavit proved my innocence, after 18 years of deception. There is more to the story and the conspiracy of CPRCC.

**Plaintiff realleges and incorporates herein by reference each and every allegation set forth above**

## SECOND CAUSE OF ACTION

## NEGLIGENCE

AS A RESULT OF DEFENDANT'S (CPRCC) , (JODIE) AND (WAYNE)NEGLIGENT ACTIVITIES AS FORTH ABOVE THERE IS A REASONABLE PROBAILITY THAT PLAINTIFF WILL REQUIRE FURTHER MEDICAL CARE AND ATTENTIONAND WILL INCUR FUTURE REASONABLE EXPENSES FOR MEDICAL CARE AND TREATMENT.  AT THE TIME PLAINTIFF WAS GAINFULLY EMPLOYED AS SALES /MAINTENANCE PERSON

21. The conduct by(CPRCC) Defendant Number One, (Jodie) Defendant Number Two, (Wayne) Defendant Number Three has caused Severe Distress, Loss of self, Intentional Interference with Person and Property .

22. CPRCC had a moral duty to inform police as I was as they said a fugitive felon and thus did not protect myself and the people of Minnesota.  I was again arrested in the fall, since I did not know I was ruled off and was told to never return.

**Plaintiff realleges and incorporates herein by reference each and every allegation set forth above**

### THIRD CAUSE OF ACTION
### BREACH OF ORAL PROMISE
IN RELIANCE ON DEFENDANT'S (JODIE) PROMISES, PLAINTIFF QUIT HIS JOB AND BEGAN A PARTNERSHIP WITH (JODIE) PROVIDE SERVICES FOR DEFENDANT'S BENEFIT.  AS A RESULT OF BREACH OF

DEFENDANT'S (JODIE) PROMISES PLAINTIFF HAS BEEN DAMAGED IN AN AMOUNT IN EXCESS OF THE MINIMUM JURISDICTIONAL AMOUNT THIS COURT, THE EXACT AMOUT OF SUCH DAMAAGES TO BE PROVED AT TRAIL OF THIS ACTION

23. I was hired by Jodie Mikasen as a confidant and employee to care for her Houses, Condo's and perspective other Real Estate purchases.

24. I only worked for her to help me with and to see what if any problems I continued to have with Law enforcement and the court system. As I was hired to be an Interpreter in various Courts, Hospitals and SNAP programs, I was also an Sports Official for Baseball, Basketball and Football

25.   . (Jodie) Defendant Number Two had told me there was no problem. Sometime between the time I left her and November 7th 2009 this forged affidavit showed up in my file. I also was not paid my final wages since I left to be with daughter in Los Angeles, Claifornia.

26. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above

### FOURTH CAUSE OF ACTION
### PROMISSORY FRAUD

PLAINTIFF, AT THE TIME THESE PROMISES WERE MADE AND AT THE TIME PLAINTIFF TOOK THE ACTIONS ALLEGED IN THIS COMPLAINT, WAS IGNORANT OF DEFENDANT'S (JODIE) NON-DISCLOSED INTENTION NOT TO PERFORM HER PROMISE. PLAINTIFF BELIEVED (JODIE) IN THE EXERCISE OF REASONABLE DILIGENCE, HAVE DISCOVERED DEFENDANT'S NON-DISCLOSED INTENTION.

DEFENDANT (JODIE)BREACHED HER PROMISE BY REFUSING TO, GET A PRO BONO LAWYER, OR TO GET HERSELF TO REPRESENT PLAINTIFF AND THUS REPUDIATING THE SHE MADE TO PLAINTIFF. SHE ALSO HAD A SEXUAL HARRASMENT CASE SETTLED FOR $50,000.00.

AS A PROXIMATE RESULT OF DEFENDANT'S WRONGFUL ACTS ALLEGED IN THIS COMPLAINT, PLAINTIFF HAS SUSTAINED LOST WAGES, AND SEVERE EMOTIONAL DISTRESSAND OTHER DAMAGES IN THE AMOUNT OF 6 MILLION DOLLARS.
THE ABOVE ALLEGED CONDUCT OF DEFENDANT (JODIE) : (A) CONSTITUTED A INTENTIONAL MISREPRESENTATION, DECIET, OR CONCEALMENT OF A MATERIAL FACT KNOWN TO DEFENDANTWITH THE INTENTION ON THE PART OF DEFENDANT (JODIE)OF THEREBY DEPRIVING PLAINTIFF OF PROPERTY OR LEGAL RIGHTS OR OTHERWISE CAUSING PLAINTIFF INJURY (B) WAS INTENDED BY DEFENDANT(JODIE) TO CAUSE INJURY TO PLAINTIFF OR WAS DESPICABLECONDUCT THAT WAS CARRIED ON BY DEFENDANT (JODIE) WITH WILLFUL AND CONSCIOUS DISREGARD OF THE RIGHTS AND SAFETY OF OTHERS; AND /OR (C) WAS DESPICABLE CONDUCT THAT SUBJECTED PLAINTIFF TO CRUEL AND UNJUST HARDSHIP IN CONSCIOUS DISREGARD OF PLAINTIFF'S RIGHTS SO AS TO JUSTIFY ANAWARD OF PUNITIVE DAMAGES AGAINST DEFENDANT(JODIE)

27. (Jodie) Defendant Number Two keep making promises that she would buy a house, and that she was tired of her husband ,(Wayne) jacking off in bed ;and not satisfying her sexual.

28. Well she did buy the house and did not pay, but said I had also taken some of her stuff so I returned to Minnesota in 2009 to see my son graduate and to see if there was a warrant for my arrest. Which there was not and to this day no charges have been filed.

29. **Plaintiff realleges and incorporates herein by reference each and every allegation set forth above**

30. **Plaintiff realleges and incorporates herein by reference each and every allegation set forth above**

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court for judgment as follows:

1. Defendant Number One, Canterbury Park Racetrack and Card Casino (CPRCC), for an amount in excess of $18 million;

2. Defendant Number Two, Jodie Mikasen (Jodie), for an amount in excess of $3 million;

3. Defendant Number Three, Wayne Foster (Wayne) for an amount in excess of $3 million;

4. For an award of prejudgment interest;

5. For an award of jointly and severally, for compensatory and punitive damages, together with the costs of this suit, interest from the date this suit was instituted, and such other relief as the Court may deem just and proper.

THE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

DATED at Minneapolis Minnesota, this 26th day of June, 2015.

ANGEL PASTOR DOSS
*PRO SE*
3417 WARNER AVENUE
LOUISVILLE, KY 40207

BY: _____